UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

MAXTEK COMPONENTS CORP.,

                Plaintiff,

v.

MICROGEM US INC.,

                Defendant.

Case No.  3:23-cv-10

COMPLAINT

Plaintiff Maxtek Components Corp. ("Maxtek") complains of Defendant MicroGEM US Inc. ("Microgem") as follows:

**Parties**

1. Maxtek is a corporation organized and existing under the laws of Delaware, with a principal place of business in Oregon. As relevant here, Maxtek is in the business of providing raw materials and services relating to the production of fluorometers used to diagnose Covid-19.

2. Microgem is a corporation organized and existing under the laws of Virginia, with a principal place of business in Charlottesville, Virginia. Microgem is in the business of selling fluorometers used to diagnose Covid-19.

**Jurisdiction and Venue**

3. This Court has subject-matter jurisdiction over Maxtek's claims against JBR under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Maxtek and Microgem are citizens of different States.

4. This Court has personal jurisdiction over Microgem under Virginia's long-arm statute (Va. Code § 8.01-328.1) and the Due Process Clause of the United States Constitution, because Microgem is a citizen of Virginia and transacted business in Virginia with Maxtek by contracting for services related to the production of fluorometers Microgem was making to diagnose Covid-19.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Maxtek's claims against Microgem occurred in Charlottesville, Virginia.

### Nature of Action

6. This action is for breach of contract and, in the alternative, implied contract (quantum meruit). It arises from Microgem's failure or refusal to pay Maxtek in full for fluorometer assembly services, including the purchase of raw materials, that were ordered or accepted (or both) by Microgem.

### Facts

7. On or about March 9, 2021, Maxtek provided Microgem with a fixed price quote for production services relating to fluorometer assembly. This quote is attached as **Exhibit 1**.

8. On June 1, 2021, Microgem entered into a purchase order with Maxtek for these services, which required Maxtek to purchase raw materials used in the assembly of the goods. This purchase order is attached as **Exhibit 2**. Under the purchase order, Microgem contracted for the assembly services for 8,800 optics units for fluorometers for $4,678,250, plus a $48,000 startup fee, for a total price of $4,726,250.

9. The purchase order for these services was governed by the Tektronix Component Solutions Standard Terms and Conditions of Sale ("Terms and Conditions"), attached as **Exhibit 3**. Tektronix Component Solutions is the d/b/a name of Maxtek.

10. Under the Terms and Conditions, Microgem agreed to be charged 1.5% per month on overdue accounts. *Id*. at Sec. 3.

11. Maxtek performed all of its obligations under the parties' agreement and spent significant sums investing in its business in order to be able to meet its contractual obligations to Microgem. In addition to the products delivered to Microgem, Maxtek currently has approximately $2.54 million in raw materials in its possession to support Microgem's order for which Microgem is not paying. In addition, Maxtek has $53,630.22 of customized packaging material for the Microgem products that it cannot resell or reuse (because it is customized for Microgem).

12. Microgem has paid only a very small portion of what it owes Maxtek.

13. Maxtek has not given any consent, written or otherwise, to terminate or cancel the Purchase Order.

14. Maxtek has contacted Microgem on a number of occasions demanding payment. For example only, between December 2021 and April 2022, Maxtek contacted Microgem over 15 times to collect the past due amount, and it held weekly Account Management meetings with Microgem to discuss a payment solution. On April 28, 2022, Microgem's CFO emailed Maxtek that payment would be made "tomorrow." That statement was a lie, and Maxtek never received payment. Throughout 2022, Microgem continued stringing Maxtek along, variously promising payment after it received certain financing, and then failing to pay. Indeed, Microgem has admitted that "It is clear we have a substantial balance still owing which we need resolve as quickly as we

can." It has blamed internal operational issues and an "unpredictable market" for its inability to pay but then admitted to Maxtek that "While this is not your problem, it has limited our ability to generate the cash required to payoff our debt with you."

## Causes of Action

### Count I – Breach of Contract

15. The allegations in the preceding paragraphs are incorporated and realleged as if set forth fully in this paragraph.

16. As evidenced by the Terms and Conditions attached as Exhibit 3 and the Purchase Order attached as Exhibit 2, Maxtek and Microgem entered into valid-and-enforceable contracts for the fluorometer assembly goods and services.

17. Maxtek has performed under the terms of the contract.

18. Microgem has accepted all the products that have been shipped.

19. Maxtek has demanded that Microgem pay the full amount owed and follow through with its obligations under the Purchase Order.

20. Maxtek has failed or refused to pay the full amount owed.

21. By failing or refusing to pay the full amount owed, Microgem has breached its contract with Maxtek.

22. As a result of Microgem's breach of its contract with Maxtek, Maxtek has sustained damages totaling no less than $4,825,717.42. This includes the $4,726,250 owed to Maxtek through the Purchase Order, interest on overdue payments in the amount of $59,826.52, and $131,848.90 to compensate for material holding costs over the delinquent period.

### Count II – Implied Contract (Quantum Meruit)

23.     The allegations in the preceding paragraphs are incorporated and realleged as if set forth fully in this paragraph.

24.     This count is pleaded in the alternative to Count I in the event the contractual agreement between the parties is determined to be invalid or unenforceable against Microgem.

25.     Maxtek conferred a benefit on Microgem by performing fluorometer assembly services and delivering the finished products to Microgem.

26.     Microgem knew of the benefit and should have reasonably expected to repay Maxtek for it.

27.     Microgem accepted the benefit without paying for its value.

28.     Under these circumstances, it would be inequitable for Microtek to retain the benefit without paying for it. A contract should therefore be implied between Maxtek and Microgem requiring Microgem to pay Maxtek the value of the goods purchased and services provided, which is no less than $4,825,717.42.

## Prayer for Relief

Based on the foregoing, Maxtek prays for judgment against Microgem as follows:

A.      For money damages in the amount of no less than $4,825,717.42;

B.      For pre- and post-judgment interest;

C.      For costs of this action; and

D.      For such other and further relief as this Court may deem just and proper.

## Jury Demand

Plaintiff demands a trial by jury in this matter.

Dated: February 17, 2023                    MAXTEK COMPONENTS CORP.

By: /s/J. Benjamin Rottenborn
      Of Counsel

J. Benjamin Rottenborn (Virginia Bar No. 84796)
brottenborn@woodsrogers.com
Michael E. Hastings (Virginia Bar No. 36090)
mhastings@woodsrogers.com
WOODS ROGERS VANDEVENTER BLACK PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711

*Counsel for Plaintiff Maxtek Components Corp.*